10   170
48   472
49   250

## E. H. CORNELL, Wife, &c. *v.* R. GEDDES.

A demand for three hundred dollars, together with interest and costs of suit, is not within the jurisdiction of this court.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Holland & Scott*, for plaintiff, *Wolfe & Singleton*, for defendant and appellant.

VOORHIES, J. The plaintiff has moved to dismiss the appeal in this case, on the ground that the amount in dispute is not within our jurisdiction. In her petition, she alleges that the late *Mary Cornell*, of whom she is the sole heir, during her lifetime, leased from *Francis Soule*, a certain lot of ground for a term of years, ending the 31st of Dec., 1858, to the use and enjoyment of which she is entitled as such heir; that the defendant had taken forcible possession of said property, and kept the same against her will during the whole of the months of April, May and June, and erected thereon certain buildings, which he was required to remove, and also to restore her possession to said lot; and that during his forcible retainer, the defendant derived a large revenue from said lot and buildings. In consequence of which, she claims the sum of $300, averring that said "lot of ground was well worth the sum of $100 per month for each of the said months." She prays that the defendant be condemned to pay her said sum of $300, "together with interest and costs of suit."

In answer to this objection, it is argued by the appellant that the appellee's claim for interest, (which is allowable under the Act of the 9th March, 1852,) being superadded, produces an amount sufficient to confer jurisdiction.

This position is untenable. The appellee's demand being for damages resulting from a quasi-offence, it is clear that it cannot be considered as a debt coming within the purview of the Act of 1852; indeed, her claim for interest is not specific as to date; the Judge *a quo* did not notice it, giving judgment in her favor for the sum of $284 with costs. It follows, therefore, that the amount in dispute is not within the jurisdiction of this court.

It is therefore ordered and decreed, that the appeal be dismissed at the appellant's costs.